UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| KENNETH KLYNSMA & LINDA KLYNSMA, Personal Representatives of the Estate of ADAM D. KLYNSMA, deceased,<br><br>    Plaintiffs,<br><br>  vs.<br><br>HYDRADYNE, LLC, f/k/a HYDRADYNE HYDRAULICS, LLC; T.J. WELDING & FABRICATION CO.; CAMBCO INC.,<br><br>    Defendants. | CIV. 13-5016-JLV<br><br>ORDER STAYING DEADLINES AND HOLDING MOTION TO COMPEL IN ABEYANCE |

Defendant Hydrayne, LLC ("Hydradyne") moves the court to stay the discovery deadlines pending the court's resolution of its and defendant T.J. Welding & Fabrication Co.'s ("T.J. Welding's") pending dispositive motions for summary judgment. (Docket 69). T.J. Welding joined in Hydradyne's motion to stay the discovery deadlines under Fed. R. Civ. P. 10(c). (Docket 72). Defendants move the court to stay the discovery deadlines in this case "until a date 120 days from this Court's decision on the pending motions for summary judgment . . . along with a stay of the motion deadline of sixty days from the close of discovery." (Docket 69). Alternatively, defendants requested a "stay [of] the current general discovery deadline to a date 120 days from this Court's decision on Defendant Hydrayne's pending motion to compel with a further stay of the motion deadline of sixty days from the close of discovery." Id. In responding to

plaintiff's opposition to the motion to stay, defendants also proposed a ninety-day stay of the discovery deadlines. (Docket 74 at p. 2).

Plaintiffs Kenneth and Linda Klynsma object to defendants' motion to stay the discovery deadlines. (Docket 73). Plaintiffs assert defendants' "pending Motions for Summary Judgment are without substantial merit, and should be denied." Id. Plaintiffs further assert that "an extension of four months from the date that the Court rules on the pending motions. . . . is unreasonable." Id. In the alternative, if the court grants a stay of the discovery deadlines, plaintiffs' request the stay in discovery deadlines be limited to sixty days following the court's ruling on the pending motions. Id.

"A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation." Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 16(b), (c); 26(b); 42(b)). "Under Rule 26(c) of the Federal Rules of Civil Procedure, a party may move the court for a protective order staying discovery. A court may only issue such an order, however, upon the movant's showing of good cause, including to avoid undue burden or expense." TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc., Civil No. 13-1356 ADM/FLN, 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013) (citations omitted). The court "may also control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d)." Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." Id. (citations and internal quotation marks omitted); see also Vivid Techs., Inc., 200 F.3d 795 at 803-04 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); 8 Charles Alan Wright & Richard L. Marcus, Federal Practice & Procedure § 2040, at 521 (2d ed. 1994)). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del.1979)).

On July 3, 2014, Hydradyne filed a motion for summary judgment. (Docket 38). On September 25, 2014, defendant T.J. Welding filed a motion for summary judgment. (Docket 59). Both motions have been fully briefed by all parties and are pending before the court for resolution.[1] Hydradyne and T.J. Welding also filed a motion for partial summary judgment on plaintiffs' compensatory damages claim for the pain and suffering suffered by Adam

---

[1]The court notes plaintiffs did not request additional time to conduct discovery when responding to defendants' motions for summary judgment. See Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 59 (1st Cir. 2006) ("Where, as here, a party has had an adequate opportunity to conduct discovery, it is well within the district court's province, at least in the absence of a showing of changed circumstances or particularized need, to stay further discovery pending the determination of a dispositive motion.").

Klynsma. (Dockets 76 & 81). This court granted the defendants' motion for partial summary judgment. (Docket 87).

Defendants' remaining motions for summary judgment are potentially dispositive and do not appear to be "without foundation in law." Johnson, 205 F.R.D. at 434. Plaintiffs assert that a four-month extension of the discovery period from the date the court rules on the pending summary judgment motions is unreasonable and that expert depositions may not be necessary following the defendants' expert witness disclosures. (Docket 73 at p. 1-2). Plaintiffs have not demonstrated any prejudice by the court granting a stay of the discovery and motion filing deadlines pending its resolution of defendants' motions for summary judgment. If a genuine dispute of material fact exists as to any motion, discovery will recommence 30 days after the court rules.

**Hydradyne's Motion to Compel**

Defendant Hydradyne filed a motion to compel on June 16, 2014. (Docket 32). On June 26, 2014, Hydradyne, in accordance with an agreement with plaintiffs' counsel, filed a motion to extend the deadline in which plaintiffs must respond to Hydradyne's motion to compel, citing "a tentative agreement that would resolve . . . the motion to compel regarding counseling and medication records." (Docket 36). On June 27, 2014, this court granted Hydradyne's unopposed motion and gave plaintiffs until August 1, 2014, to respond to the motion to compel. (Docket 37). On July 30, 2014, plaintiffs filed a memorandum in opposition to Hydradyne's motion to compel (Docket 49) and on

4

August 8, 2014, Hydradyne filed a response to plaintiffs' opposition to its motion to compel.   (Docket 51).

At issue in Hydradyne's motion to compel is whether plaintiffs must produce documents responding to Hydradyne's second, third and fourth requests for production.

> **REQUEST 2:** Produce all records related to marriage or individual counseling for Kenneth Klynsma and Linda Klynsma, and Adam Klynsma.
>
> **REQUEST 3:** Produce all records related to the prescription and purchase of any medication for depression or any other mental disorder suffered by Kenneth Klynsma, Linda Klynsma and Adam Klynsma.
>
> **REQUEST 4:** Produce all records related to any charges brought against Adam Klynsma and any resolution of those charges, whether made while Adam Klynsma was a juvenile or as an adult.

(Docket 33 at pp. 6-7).

Defendants' requests for production are designed to uncover information regarding the potential damages plaintiffs could recover if successful in their wrongful death claim.   (Docket 33 at p. 1); see also Docket 13 at p. 4 (amended complaint).   "In every action for wrongful death the jury may give such damages as they may think proportionate to the pecuniary injury resulting from such death to the persons . . . for whose benefit such action shall be brought."   SDCL § 21-5-7.   In order to recover damages in a wrongful death claim brought on behalf of a deceased adult child, a parent-plaintiff must establish "the child's willingness and

ability during his majority to furnish support for his parents."  Hodkinson v. Parker, 70 S.D. 272, 276 (S.D. 1944).

The discovery sought in Hydradyne's motion to compel may bear on the damages Hydradyne may be found liable for if plaintiffs are ultimately successful on their wrongful death claim.  (Docket 13 at p. 4).  In briefing their motions for summary judgment, defendants dispute any liability on plaintiffs' underlying claims.  See Dockets 39 & 60.  Plaintiffs have not requested additional time to conduct discovery in responding to defendants' motions for summary judgment. See Aponte-Torres, 445 F.3d at 59.  The discovery sought in Hydradyne's motion to compel is not necessary for the court's resolution of the pending motions for summary judgment and may not be required following the court's adjudication of those motions.

A review of the timing in which Hydradyne filed its motion to compel relative to the filing of the motions for summary judgment or partial summary judgment demonstrates this.  Hydradyne filed its motion for summary judgment on July 3, 2014, seventeen days after filing its motion to compel and six days after the court granted its motion to extend the time in which plaintiffs could respond to the motion to compel to August 1, 2014.  (Dockets 32, 37, 38).  T.J. Welding filed its motion for summary judgment on September 25, 2014, prior to the resolution of Hydradyne's motion to compel.  (Docket 59).  Plaintiffs did not oppose defendants'

motion for partial summary judgment which was made prior to the resolution of Hydradyne's motion to compel.   (Docket 80).

In light of the timing of the defendants' motions for summary judgment, the subject matter of the motion to compel, and plaintiffs' lack of discovery objections when responding to defendants' motions for summary judgment and partial summary judgment, the court will hold Hydradyne's motion to compel (Docket 32) in abeyance pending the resolution of defendants' motions for summary judgment.   (Dockets 38 & 59).   Good cause appearing, it is

ORDERED that the motions (Dockets 69 & 72) are granted in accord with the foregoing analysis.   All discovery and motions deadlines including those of existing motions *in limine* are stayed pending the resolution of Hydradyne LLC's and T.J. Welding & Fabrication Co.'s motions for summary judgment.   (Dockets 38 & 59).   If a genuine dispute of material fact exists as to either motion for summary judgment, discovery will recommence 30 days after the date of the court's order on defendants' summary judgment motions.   Future scheduling deadlines will be established upon resolution of those motions.

IT IS FURTHER ORDERED that the motion to compel (Docket 32) is held in abeyance pending the resolution of Hydradyne LLC's and T.J. Welding & Fabrication Co.'s motions for summary judgment.   (Dockets 38 & 59).

IT IS FURTHER ORDERED that the motion (Docket 75) requesting the court to modify its scheduling order is denied as moot.

IT IS FURTHER ORDERED that defendant T.J. Welding & Fabrication Co.'s motion to join defendant Hydradyne, LLC's motion *in limine* (Docket 85) pursuant to Fed. R. Civ. P. 10(c) is granted.

IT IS FURTHER ORDERED that the motion (Docket 86) requesting the court to extend the time in which plaintiffs must respond to defendants' motions *in limine* is denied as moot.

Dated May 18, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE